UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

**JANERIS RODRIGUEZ MEJIA**, as Parent and Natural
Guardian of **E.D.R.,** and **JANERIS RODRIGUEZ MEJIA,**
Individually,

<table>
<tr><td></td><td>Plaintiff,</td><td>**FIRST<br>AMENDED<br>COMPLAINT**</td></tr>
<tr><td></td><td></td><td>1:25-cv-5349</td></tr>
</table>

-against-

**MELISSA AVILÉS-RAMOS**, in her official capacity
as Chancellor of the **NEW YORK CITY
DEPARTMENT OF EDUCATION**, and the **NEW
YORK CITY DEPARTMENT OF EDUCATION,**

Defendants.
_____X

Plaintiff **JANERIS RODRIGUEZ MEJIA**, as Parent and Natural Guardian of **E.D.R.**[1],
and **JANERIS RODRIGUEZ MEJIA**, Individually ("Plaintiff" or "Parent"), as and for her First
Amended Complaint against Defendants **MELISSA AVILÉS-RAMOS**, in her official capacity
as Chancellor of the **NEW YORK CITY DEPARTMENT OF EDUCATION**, and the **NEW
YORK CITY DEPARTMENT OF EDUCATION** (collectively "DOE"), alleges the following:

## PRELIMINARY STATEMENT

1.    This action is brought under the Individuals with Disabilities Education Act ("IDEA"), 20
U.S.C. § 1400 *et seq.*, to ensure E.D.R.'s right to a free appropriate public education
("FAPE").

2.    The IDEA offers federal funds to states in exchange for a commitment to provide a FAPE
to all children with physical and/or intellectual disabilities. *See* 20 U.S.C. § 1401(3)(A)(i)
(listing covered disabilities).

_____

[1] Although the full names of the Parents are used in the Complaint, pursuant to the Family Educational Rights and
Privacy Act ("FERPA"), 20 U.S.C. § 1232(g) and 34 C.F.R. Part 99, Plaintiffs are using the Student's initials to
protect the Student's privacy.

3.    As defined in the IDEA, a FAPE includes special education and related services—instruction tailored to meet a child's unique needs and supportive services sufficient to allow a child to benefit from the instruction. 20 U.S.C. § 1401(26) and (29).

4.    An eligible child acquires a substantive right to such an education once a state accepts IDEA's financial assistance from the Federal Government.

5.    The student, E.D.R., suffers from a brain injury or brain-based disorder that adversely affects his educational abilities and performance.

6.    The Parent filed a Due Process Complaint ("DPC") against DOE alleging, among other things, that DOE did not offer her child a FAPE for the 2024-2025 extended school year ("ESY").

7.    The Parent requested, among other things, an order requiring DOE to fund her child's educational program during the pendency of the operative due process proceeding, as required by 20 U.S.C. § 1415(j).

8.    Plaintiff seeks *de novo* review of SRO Decision No. 25-047 issued by State Review Officer ("SRO") Hauge on February 26, 2025.

9.    Plaintiff seeks an Order declaring that (1) DOE failed to offer E.D.R. a FAPE for the 2024-2025 ESY, (2) E.D.R.'s unilateral placement at the International Academy for the Brain ("iBRAIN") was appropriate during the 2024-2025 ESY, and (3) equitable considerations favored total reimbursement/funding for E.D.R.'s educational program/placement at iBRAIN for the 2024-2025 ESY, including related services and special transportation.

## JURISDICTION AND VENUE

10.    This case arises under the IDEA, a federal statute, and the U.S. Department of Education Regulations, which were promulgated under authority granted by statute. 20 U.S.C. § 1400 *et seq.*, 34 C.F.R. Part 300.

11. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, as the claims arise under Federal Law, including the IDEA, and 28 U.S.C. § 1343(a), which provides for the protection of civil rights, and 42 U.S.C. § 1983.

12. To the extent that this case involves questions about special education rights under New York State Law, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

13. This Court may grant a Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Fed. R. Civ. P. 57.

14. Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York, as Defendants MELISSA AVILÉS-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION, maintain a place of business in New York County.

## THE PARTIES

15. Plaintiff Janeris Rodriguez Mejia is the Parent and Natural Guardian of E.D.R.

16. E.D.R. was fourteen years old at the start of the 2024-2025 SY.

17. E.D.R. is a minor.

18. E.D.R. is a student with a disability as defined by 20 U.S.C. § 1401(3).

19. Plaintiff and E.D.R. lived in the City of New York at all relevant times here.

20. Since E.D.R. is a student with a disability, DOE must provide him with a FAPE under the IDEA and the New York Education Law.

21. MELISSA AVILÉS-RAMOS is sued herein in her official capacity as the Chancellor of the New York City Department of Education.

22. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is and was, at all material times, a corporate body created under Article 52 of the N.Y. Educ. Law § 2550 (McKinney)

*et seq.*, that manages and controls the educational affairs of the New York City Public Schools.

23.    Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is the local educational authority ("LEA") defined by 20 U.S.C. § 1401 and 34 C.F.R. § 300.28, responsible for providing E.D.R. with a FAPE.

24.    New York State and the DOE have established policies and procedures, both written and informal, concerning the implementation of the IDEA.

25.    DOE receives federal funding under the IDEA. 20 U.S.C. § 1412.

26.    Upon information and belief, DOE received IDEA funds that were "earmarked" for E.D.R.'s education during the 2024-2025 ESY.

27.    Because DOE receives funding under the IDEA, it must comply with the statute's provisions. 20 U.S.C. § 1412.

28.    Defendants' principal place of business is located at 52 Chambers Street, in the County and State of New York.

29.    The NEW YORK CITY DEPARTMENT OF EDUCATION's Impartial Hearing Order Implementation Unit is located at 65 Court Street, Room 1503, Brooklyn, New York 11201.

30.    Plaintiff resides in Defendants' school district.

31.    DOE must provide E.D.R. with an Individualized Education Program ("IEP") for each school year.

### FACTUAL ALLEGATIONS

32.    Plaintiff brings this action under the IDEA to recover the costs of E.D.R.'s placement at iBRAIN for the 2024-2025 ESY, including tuition, related services, and transportation costs.

33.    Congress enacted the IDEA to ensure that students with disabilities, like E.D.R., have

meaningful access to an appropriate public education.

34.    States that participate in the IDEA receive federal funds and agree to provide a FAPE to all children with disabilities in the state and to comply with the IDEA's procedural and substantive mandates.

35.    New York State has chosen to participate in and implement the IDEA framework.

36.    New York has established procedures for providing special education services to children with disabilities, outlined in N.Y. Educ. Law § 4401 (McKinney) *et seq*.

37.    Each year, the State Educational Agency ("SEA") issues IDEA Part B funds to each LEA that has provided assurances under IDEA.

38.    Upon information and belief, the New York City Department of Education receives funding under IDEA Part B based on the "child-count" method, which allows the LEA to claim a specific amount of money per student with a qualifying disability.

39.    Upon information and belief, the DOE has received IDEA Part B funds earmarked for E.D.R.'s education relative to the 2024-2025 extended school year.

40.    The IDEA explicitly requires the DOE to fund E.D.R.'s education.

41.    The DOE has not fully funded E.D.R.'s education at iBRAIN for the 2024-2025 ESY.

42.    The primary mechanism for implementing IDEA's mandate of a FAPE is the IEP, as defined in 20 U.S.C. §§ 1401(14) and 1414(d).

43.    An IEP is a written statement prepared for each child with a disability that sets forth the special education and related services, supplementary aids and services, and program modifications or supports to be provided to the child, on or behalf of the child, to enable the child to achieve a comprehensive set of annual goals and short-term objectives.

44.    E.D.R. has been diagnosed with a seizure disorder and cerebral palsy. He has a primary disability classification of Traumatic Brain Injury ("TBI").

45.    E.D.R. suffers from a brain injury resulting in severe impairments in the following areas: cognition, language, memory, attention, reasoning, abstract thinking, judgment, problem

solving, sensory, perceptual and motor abilities, psychosocial behavior, physical functions, information processing, and speech. These impairments have adversely affect E.D.R.'s educational skills and performance.

46.    Due to the severe nature of his brain injury, E.D.R. is non-verbal and non-ambulatory and has highly intensive management needs, requiring a significant degree of individualized attention and intervention throughout the school day.

47.    E.D.R. requires a small, structured classroom offering an educational program delivered via a 1:1 direct instruction model in an 8:1:1 classroom, with a full-time 1:1 paraprofessional during the school day and while in transit to and from school to assist with all daily activities.

48.    E.D.R. requires a modified environment reducing visual and sound distractions and requires a two-person transfer to and from his wheelchair or other repositioning.

49.    E.D.R. requires periodic breaks, additional processing time for tasks, and purposeful repetition of tasks during related services sessions and educational instruction, to accommodate E.D.R.'s significant needs in order for him to make progress towards all annual goals outlined in the most recent IEP.

50.    E.D.R requires an intensive regimen of related services, delivered in 60-minute sessions, including occupational therapy ("OT"), physical therapy ("PT"), speech and language therapy ("SL"), assistive technology ("AT"), and music therapy ("MT") in order to benefit from special education instruction.

51.    Because of the intensive level of services that E.D.R. requires, it is necessary for E.D.R to attend a program which operates on an extended school day. E.D.R also requires an extended school day in order to accommodate the intensive level of care required to prepare him for the school day upon arrival, and to prepare him for dismissal at the end of the day.

52.    E.D.R. requires special education and related services, including specialized transportation, to accommodate his disabilities so that he can receive a FAPE.

53. iBRAIN is a private school in New York City dedicated to serving children who have suffered from brain injuries or have brain-based disorders.

54. iBRAIN employs specialized teachers, nurses, and therapists to provide extended school-day and extended school-year care and education to children with brain injuries or brain-based disorders.

55. Unlike the DOE, iBRAIN can provide students with an extended school day to provide a program to address students who need intensive levels of services.

56. On March 5, 2024, the Parent attended and participated in an IEP meeting convened by the Committee on Special Education ("CSE") to develop an IEP for the Student for the 2024-2025 school year.

57. The Parent disagreed with the DOE's recommendation of a District 75 school and a class size of 12:1+(3:1), the failure to recommend music therapy, and the failure to recommend all of the transportation accommodations that the Student requires.

58. On June 14, 2023, Plaintiff provided the DOE with a 10-day notice of her rejection of the 2024-2025 program and placement, and her intent to re-enroll E.D.T at iBRAIN.

59. Plaintiff enrolled E.D.R. at iBRAIN for the 2024-2025 ESY.

60. Unlike DOE, iBRAIN can provide students with an extended school day to offer a program that addresses students who require intensive levels of services.

61. While attending iBRAIN during the 2024-2025 ESY, E.D.R.'s educational program consisted of a 12-month extended school year in a 8:1:1 class; 1:1 PT, 5x per week in 60-minute sessions; 1:1 OT, 4x per week in 60-minute sessions and once per week in a group; 1:1 SLT, 5x per week in 60-minute sessions; 1:1 AT Services, 1x per week in a 60-minute session; MT, 2x per week in 60-minute sessions and once per week in a group; aquatic services; use of adaptive technology device; and a 1:1 paraprofessional for all activities of daily living for school and in transit to and from home.

62. Because of the intensive level of services that E.D.R. requires, it is necessary for him to attend a program, such as iBRAIN, which operates on an extended school day.

**Underlying Proceedings**

**2023-2024 ESY**

63.    Plaintiff filed a DPC for the 2023-2024 ESY on July 6, 2023, asserting, among other things, that the DOE failed to provide E.D.R. with a FAPE and requesting funding for tuition and other costs associated with E.D.R.'s private educational program/placement.

64.    On November 18, 2023, IHO DeSena issued an FOFD in IHO Case No. 251092, finding that the DOE failed to provide E.D.R. with a FAPE during the 2023-2024 ESY, that iBRAIN was an appropriate unilateral placement for E.D.R., and that the equities supported full funding for tuition and transportation services.

65.    The DOE did not timely appeal IHO DeSena's FOFD in IHO Case No. 251092 to the SRO, and thus, that decision became final and binding.

66.    IHO DeSena's final, unappealed administrative order establishes E.D.R.'s pendency program/placement during administrative and judicial proceedings relative to E.D.R.'s DPC for the 2024-2025 ESY.

**2024-2025 ESY**

67.    On July 2, 2024, Plaintiff filed a DPC with the DOE, thereby initiating an administrative Due Process Proceeding to secure funding for iBRAIN tuition for 2024-2025 ESY and other relief under the IDEA.

68.    In her July 2, 2024, DPC, Plaintiff alleged, *inter alia*, that the DOE denied E.D.R. a FAPE for the 2024-2025 ESY; that iBRAIN was an appropriate unilateral placement for E.D.R.; and that equities favored a full award for E.D.R.'s placement at iBRAIN, including tuition, related services, and special transportation, for the 2024-2025 school year.

69.    The DPC was assigned IHO Case No. 277280.

70.    The DOE did not present a school location witness to testify regarding any aspects of the DOE's recommended school.

71.  On November 29, 2024, IHO Pederson issued an FOFD, wherein he incorrectly found that the DOE provided E.D.R. a FAPE for the 2024-2025 ESY, and therefore denied Plaintiff's request for direct funding of tuition and transportation at iBRAIN for the 2024-2025 ESY.

72.  IHO Pederson incorrectly found that a 12:1:4 classroom was appropriate for E.D.R.

73.  The DOE failed to consider Music Therapy.

74.  The DOE failed to recommend a 1:1 paraprofessional during special transportation services.

75.  The DOE failed to conduct the Neuropsychological evaluation before developing the March 2024 IEP.

76.  The DOE failed to present any evidence to demonstrate how its recommendation for 18 hours of related services per week, in addition to 35 academic periods and 3 periods of adaptive physical education, could have been implemented in one week of regular school days.

77.  The DOE failed to recommend a necessary 1:1 travel paraprofessional, an air-conditioned bus, and limited travel time of 60 minutes.

78.  IHO Pederson incorrectly concluded that the DOE made transportation available to E.D.R.

79.  The DOE's IEP for the 2024-2025 ESY was identical to the March 2023 IEP, which, just four months prior in IHO Case No. 251092, had been conclusively held to have denied E.D.R. a FAPE.

80.  IHO Pederson incorrectly found that the Parent was not entitled to Pendency funding for the cost of tuition for the 2024-2025 ESY.

81.  IHO Pederson incorrectly ordered that the increase in tuition costs from the previous school year constituted a change in the Pendency Program, thereby denying E.D.R. a pendency program/placement entirely.

82.  IHO Pederson failed to send a copy of the November 29, 2024, FOFD to Plaintiff's attorney of record, who did not become aware of the issuance of the decision until January

14, 2025.

83.  Plaintiff appealed the IHO's determination and alleged that the DOE failed to offer E.D.R. a FAPE for the 2024-2025 ESY; the unilateral placement at iBRAIN was appropriate; and there were no equitable considerations which would bar reimbursement.

84.  On February 26, 2025, SRO Carol Hauge issued SRO Decision No. 25-047.

85.  SRO Hauge did not address the merits of Plaintiff's appeal.

86.  SRO Hauge dismissed the Plaintiff's appeal as untimely.

87.  SRO Hauge had the authority to excuse the untimely filing of Plaintiff's appeal.

88.  SRO Hauge had the authority to excuse the untimely filing of Plaintiff's appeal for good cause shown.

89.  Plaintiff had good cause for not filing her appeal timely, and the cause was outside her control.

90.  The instant federal action is an appeal of SRO Decision No. 25-047.

91.  IHO Pederson's FOFD is legally defective because it relies on a mistaken application of IDEA, a misinterpretation of relevant case law, an erroneous application of the New York State Education Law, and erroneous findings of fact.

92.  IHO Pederson's determination has a harmful and disparate impact on students with disabilities entitled to funding under the IDEA, as it favors those who can afford private school tuition in the first instance and then wait for reimbursement.

93.  Plaintiff is entitled to pendency funding for E.D.R.'s educational program/placement at iBRAIN until the instant administrative and judicial proceedings are completed.

## AS AND FOR A FIRST CAUSE OF ACTION

### *SRO Decision No. 25-047 Should Be Vacated*

94.  Plaintiff repeats, reiterates, and reaffirms each allegation set forth above as if more fully set forth herein.

95.   SRO Hauge's SRO Decision No. 25-047 should be vacated.

96.   SRO Hauge's SRO Decision No. 25-047, regarding E.D.R.'s 2024-2025 ESY, should be vacated in its entirety.

97.   SRO Hauge's SRO Decision No. 25-047 erroneously dismissed Plaintiff's appeal as untimely.

98.   SRO Hauge had the authority to excuse the untimely filing of Plaintiff's appeal.

99.   SRO Hauge acted arbitrarily and capriciously in the exercise of her discretion to excuse an untimely appeal for good cause shown.

100.  Plaintiff showed good cause for filing her SRO appeal untimely.

101.  The cause for Plaintiff untimely filing her SRO appeal was outside her control.

102.  SRO Hauge acted arbitrarily and capriciously in dismissing Plaintiff's appeal without addressing the merits.

103.  SRO Hauge clearly erred in finding that Plaintiff did not show good cause for the untimeliness of her appeal.

104.  As a result of SRO Hauge failing to address Plaintiff's appeal, Plaintiff has suffered damage.

105.  As a result of SRO Hauge failing to address Plaintiff's appeal, IHO Pederson's erroneous FOFD in Case No. 277280 has been allowed to stand, resulting in damage to Plaintiff as set forth herein.

## AS AND FOR A SECOND CAUSE OF ACTION

### *IHO Pederson's FOFD in Case No. 277280 Should Be Reversed*

106.  Plaintiff repeats, reiterates, and reaffirms each allegation set forth above as if more fully set forth herein.

107.  IHO Pederson's FOFD in Case No. 277280 should be reversed.

108.  IHO Pederson's FOFD in Case No. 277280, regarding E.D.R.'s 2024-2025 ESY, should be

reversed in its entirety.

109. IHO Pederson's FOFD in Case No. 277280 erroneously found that the DOE provided E.D.R. a FAPE for the 2024-2025 ESY.

110. IHO Pederson's FOFD in Case No. 277280 erroneously failed to address, under Prong II of the *Burlington/Carter* test, whether iBRAIN was an appropriate private placement for E.D.R. for the 2024-2025 ESY.

111. IHO Pederson's FOFD in Case No. 277280 erroneously found that, under Prong III of the *Burlington/Carter* test, the equities favored denial of funding for E.D.R.'s placement at iBRAIN for the 2024-2025 ESY.

112. Based on the preceding, Plaintiff's rights, and those of her child with disabilities—E.D.R.— were violated under the IDEA, 20 U.S.C. § 1401 *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, the New York State Education Law Article 89, and Part 200 of the Regulations of the New York State Commissioner of Education.

113. IHO Pederson failed to discharge his duties properly, as required by the IDEA, 20 U.S.C. § 1401 *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York Education Law, and Part 200 of the regulations of the New York State Commissioner of Education.

114. Defendants' actions have caused Plaintiff's damages.

115. Plaintiff is entitled to all appropriate relief under the IDEA, including the specific remedy of direct funding to E.D.R.'s private educational and transportation providers, with ancillary and necessary fees, including attorneys' fees and costs.

116. Plaintiff is entitled to direct funding for tuition, related services, and special transportation under IDEA for E.D.R.'s placement at iBRAIN during the 2024-2025 ESY for the reasons above, including, but not limited to, the following:

   a. Defendants failed to offer or provide E.D.R. with a FAPE for the 2024-2025 ESY;

b. iBRAIN was an appropriate unilateral placement for E.D.R. during the 2024-2025 ESY because, *inter alia*, E.D.R.'s educational program at iBRAIN was tailored to meet his unique educational needs, and he made progress at iBRAIN during the 2024-2025 ESY; and

    c. The equities favored full, direct funding for E.D.R.'s current educational program/placement at iBRAIN, along with related services, including special transportation, for the 2024-2025 ESY.

117. In the alternative to the above, this Court should remand this case to the SRO to address IHO Pederson's FOFD in Case No. 277280 on the merits.

## AS AND FOR A THIRD CAUSE OF ACTION

118. Plaintiff reiterates, repeats, and reaffirms each allegation set forth above as if more fully set forth herein.

119. Defendants are legally responsible for ensuring compliance with the New York Education Law and IDEA within New York City.

120. Defendants have denied, and are denying, the rights of Plaintiff and E.D.R. by failing to implement Plaintiff's uncontested pendency, automatically and as required under the IDEA, timely or otherwise, and to properly fund the same for the 2024-2025 ESY, and will continue to do so in the future without Court intervention.

121. Defendants have failed to fully fund E.D.R.'s pendency program/placement.

122. Defendants have failed to fund E.D.R.'s pendency program/placement in a timely manner, prospectively, and completely, and as such, are jeopardizing E.D.R.'s educational program/placement.

123. Year after year, Defendants establish ineffective policies and/or procedures for identifying, implementing, and funding pendency placements/programs for students who receive special education services, and then fail to abide by or follow their own policies and/or procedures.

124. Defendants have violated Plaintiff's rights under N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(5) and have caused her injury, including deprivation of a FAPE under the New York Education Law and the IDEA.

125. Defendants have acted with deliberate indifference by implementing policies, practices, and customs that have resulted in violations, despite being notified that their actions have

caused

the violations and their failure to correct them. These policies, practices, and customs constitute Defendants' *de facto* unlawful, illegal, and improper policies.

126. Plaintiff's rights under the New York Education Law are enforceable under N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(k)(3), and the IDEA, as well as under this Court's equitable powers.

127. Defendants' failures and/or delays in funding E.D.R.'s pendency program/placement have jeopardized E.D.R.'s educational program/placement at iBRAIN.

128. As a result of these violations, Plaintiff is entitled to injunctive and declaratory relief, nominal damages, and other equitable relief from this Court, as well as costs and attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION

129. Plaintiff reiterates, repeats, and reaffirms each allegation set forth above as if more fully set forth herein.

130. Plaintiff's Third Cause of Action is brought under 42 U.S.C. § 1983 as Defendants, acting under color of law, deprived Plaintiff and E.D.R. of their Constitutional and/or otherwise substantial rights, created by, and/or otherwise recognized in, the IDEA and other federal laws, statutes, regulations, and the like, and/or otherwise violated said rights as set forth herein.

131. Defendants, acting under color of law, violated Plaintiff's and E.D.R's rights, as protected under 42 U.S.C. § 1983, in that Defendants:

    a. Adopted inappropriate policies and procedures about implementing pendency, pendency orders, and/or final administrative orders issued in proceedings brought under the IDEA and applicable state law;

    b. Did not abide by existing policies and procedures about implementing pendency, pendency orders, and/or final administrative orders issued in proceedings brought under the IDEA and applicable state law;

    c.   Engaged in a widespread practice that constituted custom or usage about implementing pendency, pendency orders, and/or final administrative orders issued in proceedings brought under the IDEA and applicable state law;

    d.   Failed to supervise and/or train their employees to such an extent that it amounts to deliberate indifference to the rights of those who interact with such employees pertaining to pendency, pendency orders, and/or final administrative orders issued in proceedings brought under the IDEA and applicable state law; and

    e.   Did not adopt and implement proper policies and procedures and/or adhere to existing policies pertaining to implementing pendency, pendency orders, and/or final administrative orders issued in proceedings brought under the IDEA and applicable state law.

132. Defendants' failure and/or refusal to implement and/or comply with their statutory pendency obligations deprived, and continues to deprive, the Parent and E.D.R of their rights under the IDEA and the regulations promulgated under it, as well as N.Y. Educ. Law § 4404 and 4410 (McKinney), in violation of 42 U.S.C. § 1983.

133. As a direct and proximate result of Defendants' wrongful conduct, the Parent and E.D.R have suffered a loss of federally guaranteed rights.

134. Defendants have been unjustly enriched by retaining federal funds earmarked for E.D.R. and other students with special education needs.

135. The DOE's failure to fulfill its pendency obligations under the IDEA has deprived Plaintiff and E.D.R. of their rights under the IDEA in violation of 42 U.S.C. § 1983.

136. The DOE violated the IDEA by denying E.D.R. a FAPE for the 2024-2025 ESY.

137. Plaintiff's claims are enforceable under 42 U.S.C. § 1983.

138. Plaintiff and E.D.R. have been harmed by the DOE's failure to implement E.D.R.'s pendency relative to the 2024-2025 ESY and will continue to suffer such harm until the DOE implements E.D.R.'s pendency.

139. The DOE's failure and/or refusal to implement and/or comply with its legal obligation to fully fund E.D.R.'s current educational program/placement at iBRAIN as pendency has denied, and continues to deny, Plaintiff her rights as set forth under the IDEA, 20 U.S.C.

§ 1401, *et seq.*, the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the New York State Commissioner of Education, Part 200.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

i.    Conduct an independent review of the administrative record;

ii.   Vacate SRO Appeal No. 25-047 (dated February 26, 2025), to the extent that the SRO refused to address the appeal as untimely;

iii.  Declare that Defendants did not provide E.D.R. with a FAPE during the 2024-2025 ESY;

iv.   Declare that iBRAIN was an appropriate unilateral placement for E.D.R. during the 2024-2025 ESY;

v.    Declare that the equities favored Plaintiff's request for total funding for E.D.R.'s educational program/placement at iBRAIN for the 2024-2025 ESY, including the cost of tuition, related services, and special transportation services;

vi.   Issue a preliminary injunction, permanent injunction, and/or other appropriate order, requiring Defendants to continue E.D.R.'s pendency placement at iBRAIN as his last agreed-upon educational program/placement, and to fully fund E.D.R.'s tuition and other educational costs, including special transportation as pendency, throughout the administrative and judicial proceedings relative to Plaintiff's DPC in IHO Case No. 277280 for the 2024-2025 ESY;

vii.  Declare that Plaintiff is entitled to an order finding E.D.R.'s pendency program/placement is at iBRAIN throughout the administrative and judicial proceedings concerning Plaintiff's DPC in IHO Case No. 277280 relative to the 2024-2025 ESY, including funding for tuition at iBRAIN, and all related services, including special transportation;

viii. Order Defendants to directly fund any cost remaining for E.D.R.'s private school tuition for the 2024-2025 ESY, as well as for E.D.R.'s special transportation;

ix.   In the alternative, remand this case to SRO Hauge to address the appeal of IHO Pederson's FOFD in Case No. 277280 on the merits;

x.    Declare Plaintiff to be prevailing party for the purpose of the IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(I) and 34 C.F.R. § 300.517 (a)(1)(i), should Plaintiff prevail in the instant action; and

xi.    Grant such other, further, and different relief as this Court may seem just, proper, and equitable.

Dated:    August 19, 2025
        New York, NY

Respectfully Submitted,

By:    */s/ Rory J. Bellantoni*

Rory J. Bellantoni, Esq. (RB2901)
Liberty & Freedom Legal Group
*Attorneys for Plaintiff*
105 East 34th Street, #190
New York, NY 10016
(646) 850-5035
rory@pabilaw.org